E. J. LARKINS and others *v.* P. MURPHY and others.

Every case of an administrator or other fiduciary, who received depre-
ciated Confederate currency, must, to a considerable extent, be judged
of by its own surroundings.    Before 1863, it might be received.    Du-
ring 1863 its reception was debatable.    Since 1863, it could not be
received.

An administrator, who had in hand an *ante-bellum* bond, apparently well
secured, and there appeared no necessity for collecting it, and yet
did collect it in part payments at different times during the years 1863
and 1864, is liable for the amount of the same.    (By agreement in
this case, less was taken.)

(*Emmerson* v. *Willett,* Phil. Eq. ; *Donnell* v. *Donnell, Ibid* 148, cited and
approved.)

EXCEPTIONS by both plaintiffs and defendants to the report
of a referee, heard by his Honor, *Judge Russell,* at the Spring
Term, 1874, of NEW HANOVER Superior Court.

The facts of the case are stated in a report of the same, at
January Term, 1873, when it was in this Court upon another
ground, and remanded.    The exceptions to the report are
sufficiently noted and explained in the opinion of the Court.

*A. T. & J. London,* for the plaintiffs.
*Smith & Strong,* for the defendants.

READE, J.    We have found it impossible to lay down any

rule to govern all cases as to the liability of administrators and other fiduciaries, who received depreciated Confederate currency. The nearest we could come to it, was to say that it might be received before 1863, and not after, and that 1863 was debatable ground. *Emmerson* v. *Willett*, Phil. 69. Every case must to a considerable extent be judged of by its own surroundings. The first exception on the part of the plaintiff presents this case : The defendant had in his hands, as administrator, an *ante bellum* bond which was apparently well secured, and there was no apparent necessity for collecting it ; and yet he did collect it, in part payments at different times in February, March, June and October, 1863, and in March, 1864. If we could lay down any inflexible rule it would seem that the defendant is clearly liable. *Donnell* v. *Donnell*, Phil. Eq., 148. And yet there was evidence that in that section, prudent business men received Confederate money at the time when the defendant received those payments, and the referee found the fact that the defendant had acted with prudence, and refused to charge him with any thing on account of that transaction. His Honor, however, divided the matter and charged him with the amounts received in October, 1863, and in March, 1864, and refused to charge him with the amounts received prior to October, 1863. We are inclined to the opinion that he ought to be charged with the whole amount, because he converted a good security into a currency greatly depreciated when there was no necessity for it. And especially because he had reduced the security to judgment which he might have levied and kept alive on the lands of the obligors, of which they had a considerable quantity of considerable value. So it would seem that he is clearly liable for the whole amount of the security, if the lands were worth so much, or else for the value of the lands, if that was less than the amount of the security. Settling it upon this principle, it would be necessary to have an enquiry as to the value of the lands. But the counsel on both sides inform us, that rather than have the delay.

and vexation and uncertainty of an enquiry, they had rather have the ruling of his Honor upon this part of the case confirmed, and therefore it is confirmed; which charges the defendant with the October, 1863, and the March, 1864, payments.

2. The plaintiff's second exception, that the defendant is not charged with interest upon balances in his hands is admitted by defendant's counsel to be well founded and is allowed.

3. And so with the plaintiff's third exception.

4. The plaintiff's fourth exception is withdrawn and disallowed.

We approve of his Honor's ruling upon all the other exceptions of the plaintiff, except the seventh, which he disallowed and which we allow.

We approve the rulings of his Honor on all the exceptions on the part of the defendant, and his rulings in all other matters.

The Clerk of this Court will make the calculations and re-form the account in conformity with this opinion. And there will be judgment accordingly.

The Clerk of this Court will be allowed —— for his services to be taxed in the costs, and the costs will be paid by the defendant out of the funds of the estate.

The defendant must have commissions on so much of the Confederate money collected in 1863–'64 as he is charged with.

PER CURIAM.                    Judgment accordingly.